UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DESIREE WOODARD ) <br> ) <br>   PLAINTIFF ) <br> ) <br> vs. ) <br> ) <br> THE DISTRICT OF COLUMBIA, ) <br> ) <br>   DEFENDANT ) | Cv. Action 16- |

### COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF

COMES NOW, Plaintiff Desiree Woodard, Petitioner in the underlying case, to respectfully state as follows:

PRELIMINARY STATEMENT

This is an action for injunctive and declaratory relief brought under the Individuals with Disabilities Education Act, 20 U.S.C. 1400 *et. seq.* ("IDEA").  The Plaintiff seeks a judgment (a) declaring that she was the prevailing party in the underlying proceeding and is entitled to recover her reasonable legal fees and costs, (b) determining that the reasonable attorney fees in this case should be awarded at the rate set by the USAO Attorney's Fees Matrix 2015-16; and (c) ordering the Defendant to make payment to the Plaintiff at the rate deemed reasonable under the USAO Attorney's Fees Matrix for Attorney Carolyn Houck.

JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to The Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1461 ("IDEIA"), 29 U.S.C. § 794; 28 U.S.C. §§ 1441, 1442, 2201, & 2202; the Mills Decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 – 3701.3 (2o003).

1

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

PARTIES

3. Plaintiff Desiree Woodard is S.P.'s parent.  S.P. has been determined to be a student with a disability, as defined by the I.D.E.A.  Plaintiff is currently a resident of the District of Columbia and was a resident of the District of Columbia during the time of the underlying administrative proceeding.

4. Defendant is a municipal corporation.  As one of its governmental functions, Defendant operates the District of Columbia Public Schools system (herein "DCPS").  DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and is responsible for issuing checks in payment of reasonable attorney fees and costs incurred by the Plaintiffs in pursuing claims under IDEA.

FACTUAL BACKGROUND

5. At all times pertinent to this proceeding, Plaintiff was represented by Attorney Carolyn Houck.

6. On October 7, 2015, pursuant to IDEA, an administrative due process hearing was held concerning the special education needs of R.S-L.  The Hearing Officer's Determination (HOD) was issued on October 22, 2015 and is attached as Exhibit 1.  Plaintiff Desiree Woodard was the prevailing party in this proceeding.

7. Specifically, the HOD ordered DCPS (1) to within ten school days of the order convene a meeting to update the student's IEP and determine what additional evaluations are necessary going forward, (2) to determine the student's placement and location of services at the meeting, (3) to issue a prior written notice (PWN) within five calendar days of the meeting, and (4) to reimburse the parent for the cost of tutoring the student during school year 2014/15

and 2015/16. Petitioner received 100% of the relief she was seeking. Petitioner actually received more relief than she was seeking.

8. The Attorney Fee Guidelines issued by DCPS on March 25, 2013 by the General Counsel for DCPS states, "Submission of attorney's fee invoices to OGC is not required before filing a petition of fees with the District Court, pursuant to the IDEA.

9. The attorney fees and costs Defendant owes to Plaintiff Desiree Woodard total $63,463.95 ($63,403.20 attorney fees and $60.75 costs). Plaintiff's invoice is attached as Exhibit 2.

## LEGAL FRAMEWORK

10. An award of attorneys' fees is proper and just in this matter pursuant to the IDEIA and its implementing regulations, which state, *inter alia*:

    (a) *In general*. (1) In any action or proceeding brought under section 615 of the Act, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to—

    (i) The prevailing party who is the parent of a child with a disability;

    *34 C.F.R. §300.517(a)(1)(i)*.

11. The regulations further state:

    (c) *Award of fees*. A court awards reasonable attorneys' fees under section 615(i)(3) of the Act consistent with the following:

    (1) Fees awarded under section 615(i)(3) of the Act must be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.

    *34 C.F.R. §300.517(c)(1)*.

12. The Plaintiff was the prevailing party in the underlying action, as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005) (finding that a party prevails if

"there has been a court-ordered change in the legal relationship between the plaintiff and defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded") (citing *Buckhannon Board and Care Home Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 603-04 (2001) and is entitled to recover reasonable attorney's fees and costs.

13. In a substantial number of cases in this jurisdiction, the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia as the rates determined in the *Laffey* Matrix.  See e.g. *Bucher v. District of Columbia*, 2011 U.S. Dist. LEXIS 38815, 5-6 (D.D.C. Apr. 2011), *Cox v. District of Columbia*, 2010 WL 5018149, 8 (D.D.C. 2010).

14. The current billing rate for Attorney Houck, is reasonable and consistent with prevailing market rates in the District of Columbia and consistent with the USAO Attorney's Fee Matrix 2015-16 rates.  (Exhibit 3.)  This current Matrix has replaced the *Laffey* Matrix, which previously established the "reasonable" attorney fee rate in this jurisdiction.

15. For attorneys who graduated from law school in 1996, the current market rate in the District of Columbia, per the USAO Attorney Fee Matrix 2015-16, is $504 per hour.

RELIEF REQUESTED

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. Declare the Plaintiff as the prevailing party under the IDEA, and therefore find that the Plaintiff is entitled to recover reasonable legal fees and costs incurred in the litigation;

B. Declare that the rate paid to Attorney Houck for the work in litigating the case of *Woodard vs*. District of Columbia, Case No. 2015-290 should be the rate determined by the USAO Attorney's Fees Matrix 2015-16, based on the attorney's years of experience ($504 per hour);

4

C. Award Plaintiff the sum of $63,403.20 in attorney's fees and costs;

D. Award Plaintiff fees for litigating the current Complaint in the District Court of the District of Columbia for the purpose of collecting fees in the underlying administrative action, at the same hourly rate ($504), pursuant to 42 U.S.C. § 1988; and

E. Award any other relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Carolyn Houck*

Carolyn W. Houck, Esq.
P.O. Box 252
St. Michaels, MD  21663
Telephone:  301-951-4278
Fax:            866-297-4248
Email:         cwhouck1@gmail.com
DC Bar Number:  459746

5